## BUILDERS & MANUFACTURERS MUTUAL CASUALTY COMPANY v. BUTLER BROS. BUILDING COMPANY.[1]

July 6, 1934.

No. 29,924.

[1]Reported in 255 N. W. 851.

*J. F. Boyles* and *S. S. Larson,* for appellant.
*Robb, Rich & Reynolds,* for respondent.

*JULIUS J. OLSON, Justice.*

Defendant has appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

We shall refer to the parties as follows: The plaintiff as the casualty company, the defendant as the building company, and plaintiff's insured as the construction company.

Plaintiff had issued to the construction company a policy of workmen's compensation insurance. It brought this action for reimbursement for compensation and expenses by it paid to an employe of the construction company, claiming to be entitled to subrogation to the injured workman's cause of action against defendant. The foundation for the claim is negligence.

Defendant had taken a contract for cutting off something like 20 feet of the building occupied by Michaud Bros. and used by it as a store, the location being on the corner of Robert and Eighth streets, St. Paul. This work was made necessary by reason of a public improvement project widening Eighth street. The steel work included in defendant's contract was by it sublet to the construction company. During the course of the performance of this subcontract a workman for the construction company, one Adolph Rovanien, was injured in that employment and in the course thereof. The plain-

tiff casualty company was compelled to pay hospital bills, employe's compensation, and other items, pursuant to its policy, amounting in all to $2,894.

The action here proceeded upon the theory that plaintiff was subrogated to Rovanien's common law cause of action against defendant for negligence.

In doing its work the construction company was required to use heavy steel girders and beams. While in the process of executing the same Rovanien was injured on September 10, 1931.

The steel girders and beams were hoisted from the outside and into the building through a hole made in the brick wall of the building. The means employed to bring about the transfer of beams from the outside to the inside of the building was a hoisting apparatus. In so hoisting a heavy steel girder on that day the same caught in some way against the remaining brick on the side of the opening and thereby caused a portion of the brick wall to fall, injuring the employe. It was claimed by plaintiff that it was the duty of defendant to provide this opening in the side of the building for the purpose of taking the steel beams inside and to be put in place by the construction company; that defendant did make this opening in the wall for that purpose but that the same was improperly done in that it was not in proper shape to permit the introduction of the steel beams from the outside and into the building; that the hole as left by the defendant was in an unsafe condition in that the support for the brick above the hole was removed, thereby weakening the wall and necessarily endangering the workmen who were employed on this particular job. It is further claimed by plaintiff that the opening was not only unsafe but was likewise unsuitable for its intended purpose; that the defendant negligently constructed and permitted this hole to be left in such unsafe and dangerous condition; that by reason of the negligence of the defendant the employe Rovanien was injured and that defendant's negligence was the direct and proximate cause of the happening of the accident.

In defendant's behalf negligence was denied. It is claimed that it did not make the opening in the wall but that the same was in

fact made by a crew doing the steel work for the construction company and that the same was not made by any employe or servant of defendant. It further claimed that the accident was caused by the unskillful handling of these steel beams and girders by the' construction company's own employes. It is further asserted by it that the brick wall did not fall because of any inherent danger therein after the hole was cut but rather because the wall was weakened by several of the steel beams and girders striking the same in the course of hoisting them from the ground and into the building and that this work was in direct charge of the construction company's men and its crews and they were the individuals who brought about the mishap. Lastly, it is claimed in defendant's behalf that the employe Rovanien was contributorily negligent in working in and about this job, as he did, with the opportunity for seeing and observing the condition of the wall and what treatment the brick therein received while these heavy beams and girders were put through the hole and placed in the building.

The issues thus made were submitted to the jury in a charge free from any form of criticism. No suggestion was made by counsel for either side at the time the cause was submitted to the jury that there was any error or omission therein, nor has any assignment of error raised any issue with respect thereto. There is no error alleged respecting admission or exclusion of the testimony. The only issue raised by the appeal relates to whether the evidence and the permissible inferences to be drawn therefrom support the verdict. We have carefully reviewed the evidence and find that while there is evidence to support a contrary finding there is likewise support for the verdict reached.

The first question presented is whether the evidence sustains the verdict in respect of defendant having made the opening in the wall or whether this was made by the construction company. We have examined the record and find no difficulty in sustaining the verdict on this issue. The next question presented relates to the sufficiency of the evidence in respect of the shape of the hole made and the lack of ordinary care in leaving it so that there was lack of support for the part of the brick wall above it. In plaintiff's

behalf there is testimony that the proper way to construct the opening was to provide a rectangular base with an arch above, thereby leaving such support as an arch would afford. It claims that the hole was in fact only half an arch, thus leaving the upper part of the wall without adequate support. Here too we find evidence to sustain plaintiff's claim.

The question of contributory negligence was clearly one of fact and so submitted. The rule applicable here is stated in 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6975, thus:

"Where several persons are engaged in the same work, in which the negligent or unskillful performance of his part by one may cause danger to the others, and in which each must necessarily depend for his safety upon the good faith, skill, and prudence of each of the others in doing his part of the work, it is the duty of each to the others engaged on the work to exercise the care and skill ordinarily employed by prudent men in similar circumstances, and he is liable for any injury occurring to any one of the others by reason of a neglect to use such care and skill. A general contractor in charge of a building in the course of construction, knowing that workmen of other contractors are working in or about the building, is bound to exercise reasonable care to avoid injuring them," and cases cited under notes 16 and 17.

It follows from what has been stated that there must be an affirmance.

Affirmed.